**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 3 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50375 |
| Plaintiff-Appellee, | D.C. No. 3:10-cr-03559-JAH |
| v. | |
| ARMANDO LARA, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Submitted June 26, 2017**

Before:     PAEZ, BEA, and MURGUIA, Circuit Judges.

Armando Lara appeals from the district court's judgment and challenges the

12-month sentence imposed upon the revocation of supervised release.  We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Lara contends that the district court procedurally erred by failing to use the

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Guidelines range as a starting point for its sentencing determination and by failing to explain its sentencing decision adequately. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The record reflects that the court correctly calculated the Guidelines range and used that range as the starting point and initial benchmark. *See Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345 (2016). Moreover, the record shows that the court considered Lara's mitigating arguments and sufficiently explained its reasons for imposing the 12-month sentence. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

Lara next contends that his sentence is substantively unreasonable. The district court did not abuse its discretion in imposing Lara's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The above-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3583(e) factors and the totality of the circumstances, including Lara's repeated breaches of the court's trust. *See Gall*, 552 U.S. at 51; *United States v. Simtob*, 485 F.3d 1058, 1062 (9th Cir. 2007).

**AFFIRMED.**